IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PABLO ESTEVES-GONZALEZ

Plaintiff

vs                                                          CIVIL 09-1707CCC

LUIS OCASIO; ANTONIO SAGARDIA

Defendants

**OPINION AND ORDER**

Before the Court is Petitioner Pablo Esteves-González' (hereinafter "Petitioner" or
"Esteves-González") 28 U.S.C. § 2254 habeas corpus petition (docket entry 2).
Respondents, the Secretary of Justice of the Commonwealth of Puerto Rico and the
Warden of the penal institution where defendant is confined, filed a Motion to Dismiss the
Petition (**docket entry 25**).  For the reasons discussed below, the Court finds the Petition
shall be DISMISSED, without prejudice.

**I.    BACKGROUND**

Petitioner Esteves-González, a state prisoner presently confined in a penal institution
of the Commonwealth of Puerto Rico, has filed a pro se application for a writ of *habeas
corpus* pursuant to 28 U.S.C. § 2254.  Petitioner filed this *habeas corpus* in federal court
alleging a series of irregularities in his case.  Amongst them:

> (1)    While incarcerated for a separate offense was questioned as to the
> facts that lead to this incarceration.  At the time Petitioner had legal representation
> for the separate offense whom the Government did not notify prior to conducting the
> interview.  By doing so Petitioner alleges his constitutional rights were violated.

> (2)    Petitioner's right to speedy trial was violated.

> (3)    During Petitioner's trial the Government failed to establish how
> Petitioner communicated with the investigative agent, as such his confession was
> inadmissible.

CIVIL 09-1707CCC                                    2

> (4)     Petitioner was held responsible for a murder conducted during a robbery in which he participated as established by the "felony murder rule;" his conviction violates his Constitutional rights because his co-defendants are in the free community while he is incarcerated.
>
> (5)     The Government withheld exculpatory evidence, i.e. a sworn statement provided by Petitioner to the investigative agents.
>
> (6)     The trial court violated Petitioner's due process right by allowing a separate agent other than the investigative agent, who was at the time in active military service in Irak, to testify as to the investigation.
>
> (7)     Petitioner's sworn statement was not corroborated by the Government nor were the vehicles in which Petitioner was transported seized.
>
> (8)     At trial the Government did not submit as evidence photographs of the areas where Petitioner's fingerprints were found.

Petitioner is currently serving a term of imprisonment of ninety nine (99) years for the crime of murder in the first degree, eight (8) years for aggravated robbery and twenty (20) years for home invasion robbery.   Sentence was imposed by the Superior Court of Humacao.   The issues alleged in this § 2254 Petition arise from said conviction and sentence.

The facts, as recounted by the Puerto Rico Court of Appeals are as follow: On October 17, 2001, a robbery was reported with a dead person at a residence in Collores Ward of Las Piedras.  The victim was found in one of the bedrooms of the mentioned house, laying face down on the bed.  According to the forensic pathologist, the victim died due to mechanical asphyxia caused by a compression and obstruction with a pillow or bedsheet.

On February 2002, the police agent in charge of the investigation of the event mentioned above contacted the prosecutor on duty in Humacao to inform her that a person involved in the above mentioned act, i.e. Petitioner, wanted to talk to one of the persons in

charge of the investigation.  Since at that time Mr. Esteves-González was in a penal institution due to separate unrelated events, a writ was issued and he was taken to the Conference Room of the District Attorney's Office of Humacao.  There, the District Attorney made sure that Petitioner was not sick, under the effects of some medication or under any physical or mental health situation that would bar him from understanding what was going on.  Further, he was advised that he had the right to remain silent or that everything he would say would be used against him, that he had the right to have an attorney present, that the statement had to be freely, voluntarily given without any coercion and that he was not being offered anything in return for his statement.  The interrogation of the defendant took all day, in a relaxed environment, where there was not coercion by the Prosecution nor was Petitioner offered anything in exchange.

Mr. Esteves-González narrated to the District Attorney that on the night of October 27, 2001 four individuals, identified as Andrés, Amaury, Luis and Germán, got him to perform a robbery in a residence at Las Piedras.  Petitioner alleged that once they arrived in front of the house, Andrés and Germán unsuccessfully tried to gain access to the same, for which they had to ask him and Amaury their help to enter.  When Petitioner went up the stairs, he realized that the others had been able to open the gate and had the two occupants of the residence.  Defendant heard the moaning of the victim, as if they were asphyxiating her.  He also saw how the mother of the victim was bleeding while they were grabbing her by her mouth and feet.  Finally they all escaped and, five days after the robbery, Germán told defendant that it had come out in the papers that the victim had died.

On July 2, 2002, probable cause was found to charge Mr. Esteves-González for the crimes of murder in the first degree (felony murder rule), robbery and burglary.  However, defendant escaped from the penal institution where he was detained.  On June 30, 2003, a judgment was issued ordering the administrative dismissal of the case until the arrest of defendant.  On May 6, 2004, defendant was re-arrested, the case re-activated, and

CIVIL 09-1707CCC                                    4

defendant was eventually tried and found guilty of the crimes of first degree murder, home invasion and burglary.[1]

## II.   DISCUSSION

Pursuant to federal law, a prisoner who claims he is being held by the state government in violation of the Constitution or laws of the United States may file a civil lawsuit in federal court seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  A federal court's review of a 28 U.S.C. § 2254 petition is not a direct review of a state court's decision. The petition is a separate civil suit considered a collateral, not constitutional but rather statutory, relief.

Prisoners in state custody who choose to collaterally challenge in a federal *habeas* proceeding their confinement are required to comply with the "independent and adequate state ground doctrine".  See Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir. 2009), citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  As such, Petitioner must meet two initial requirements.  First, petitioner is required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings.  The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court.  In order to fulfill this exhaustion requirement, the petitioner must have fairly presented the substance of all of his federal constitutional claims to the highest state court.  Levine v. Commissioner of Correctional Servs., 44 F.3d 121, 124 (2nd Cir. 1995). The state court must have been appraised of both the factual and legal base of those claims.  Grey v. Hoke, 933 F.2d 117, 119 (2nd Cir. 1991).  The Supreme Court has held that in order to satisfy the exhaustion requirement, a petitioner requesting federal *habeas corpus* review is required to present claims to the State supreme court even when its review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  The burden of proving that a

_____

[1]The facts are recounted as stated in the certified translation of the Opinion issued by the Puerto Rico Court of Appeals, Humacao Judicial Region (docket entry 28, Exhibit 3).

CIVIL 09-1707CCC                          5

federal *habeas* claim has been exhausted in state court lies with the petitioner. Esteves-González, however, has not met this initial burden as to most of his allegations.

In the Commonwealth of Puerto Rico, there is a two-tier system for post conviction relief.  In order for Petitioner to exhaust his state court remedies, Esteves-González must either file a Rule 192.1 motion pursuant to the Puerto Rico Rules of Criminal Procedure requesting the trial court to vacate, set aside, or correct the judgment (34 L.P.R.A. App. II, Rule 192.1), or a petition pursuant to Section 1741 of the Code of Criminal Procedure requesting a writ of *habeas corpus* (34 L.P.R.A. §§ 1741-1743).  An appeal may be filed from the subsequent denial of a Rule 192.1 motion or of a Section 1741 *habeas* petition. Once any of said appeals has been denied by the Puerto Rico Court of Appeals, then Petitioner must then file a writ of certiorari to the Supreme Court of Puerto Rico.  Id.  Thus, pursuant to Puerto Rico law, in order for Esteves-González to properly file a § 2254 petition for relief before this Court, he must first exhaust at least one of the two post-conviction remedies provided by the Commonwealth laws to the point of having either a Rule 192.1 motion or a *habeas corpus* petition pursuant to Section 1741 of the Code of Criminal Procedure reviewed by the Supreme Court of Puerto Rico (34 L.P.R.A. § 1779).

In the instant case, Petitioner has failed to show that he exhausted either of the local post-conviction remedies as to seven (7) of his eight (8) allegations in his § 2254 petition.[2] By failing to do so, seven (7) of his allegations have not had the opportunity to be reviewed and adjudicated by the original trier of facts, the local court.  Therefore, this Court lacks

---

[2]The only allegation for which the record reflects that Petitioner complied with the exhaustion requirement is the one stated at page 12, second paragraph, of his Complaint pertaining to his felony murder conviction being unconstitutional because he was the only one convicted while his co-defendants were not.  This allegation was the exclusive basis for his filing of a Rule 192.1 Motion at the Court of First Instance (docket entry 28, Exhibit 4). Said motion was denied by the Court of First Instance.  Petitioner then appealed its denial to the Court of Appeals, which issued a Resolution in which it analyzed Petitioner's claim and proceeded to dismiss the same (docket entry 28, Exhibit 5).  Esteves-González then filed a Petition for Certiorari to the Supreme Court of Puerto Rico (docket entry 28, Exhibit 6).  The Supreme Court of Puerto Rico issued a Resolution denying Esteves-González's Certiorari without further explanation (docket entry 28, Exhibit 7).

jurisdiction to entertain his petition.  The Supreme Court has made it clear that if each claim in a petition for a writ of *habeas corpus* has not been exhausted, the district court must dismiss the entire mixed petition.  Gonsalves v. Thompson, 396 F.Supp. 2d 36 at 43 (D.Mass., 2005), citing Rose v. Lundy, 455 U.S. 509 (1982).

The Supreme Court has recently approved the use of a "stay and abeyance" in certain cases of mixed petitions[3].  In Rhines v. Weber, 544 U.S. 269 (2005), the Court acknowledged that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 11 Stat. 1214, placed some petitioners in a difficult position by adding a one year statute of limitations for *habeas* petitions under 28 U.S.C. § 2254, while simultaneously codifying the exhaustion requirement.  See Rhines at p. 276.  Because the limitations period is not stayed during the pendency of federal proceedings, a petitioner whose petition is dismissed due to failure to exhaust some claims may find the limitations period expired as to the exhausted claims.  The Court therefore allowed for use of the stay and abeyance procedure under limited circumstances: the district court must determine "there was good cause for petitioner's failure to exhaust his claim first in state court," and the unexhausted claims must not be "plainly meritless." Rhines, at p. 277.  Further, "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, at p. 278.

In the present case, Petitioner has made no request for a stay.  Nor has he placed this Court in a position to evaluate the merits, or lack thereof, of his unexhausted claims

---

[3]However, the Supreme Court in recognizing the use of a stay has stated "stay in abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay in abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2)." Rhines at 277.

CIVIL 09-1707CCC                                    7

since he has only made blanket assertions of ineffectiveness without providing evidence as to what transpired at the state level.  As such, the Court shall not *motu proprio* grant a stay.

The Court is left with no alternative to DISMISS Esteves-González's mixed petition for relief, without prejudice.

**III.    CONCLUSION**

For the reasons stated, the Motion to Dismiss filed by Respondents (**docket entry 25**) is GRANTED.  Accordingly, Petitioner Pablo Esteves-González' Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 (docket entry 2) is DENIED.  All of Petitioner's allegations are DISMISSED without prejudice since petitioner's failure to exhaust state remedies as to most of them makes this a "mixed" petition which is not ripe for review by the Court.

SO ORDERED.

At San Juan, Puerto Rico, on March 30, 2012.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge